UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUDITH WALTON, as Personal
Representative for the ESTATE
OF FRANK SMITH, on behalf of the
Estate and Survivor Judith Walton,

        Plaintiff,

v.                                                Case No. 3:16-cv-1130-J-39JRK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

## **ORDER**

The Court held a status conference on June 25, 2019, to discuss the posture of this case and the parties' anticipated timeline for completing discovery and filing dispositive motions. Counsel for all parties appeared. However, attorney Sean Michael Conahan, despite having notice of the status conference, see Order (Doc. 79), failed to call in at the scheduled time. When Mr. Conahan finally called in, nearly thirty minutes after the conference was scheduled to begin, the only excuse offered for his oversight was a "miscommunication." The Court informed Mr. Conahan it would consider whether to impose sanctions given his conduct delayed the proceedings and diverted Court staff's attention to procure his presence. Having considered Mr. Conahan's conduct, his immediate apology to the Court, and finding relevant the conference was not forced to be continued and the parties have engaged in some discovery, the Court finds sanctions are not warranted. However, the Court cautions Mr. Conahan that his professional lapse

signaled a disrespect for the Court's time and that of counsel who diligently appeared for the conference at the scheduled time.

The Court expects the parties appearing before this Court to conduct themselves with the highest level of professionalism, of which Mr. Conahan fell short. With professional standards in mind, the Court would be remiss if it did not also address attorney Andrew Price's professional missteps. Mr. Price, counsel of record for Defendant Captain Wilfred Ellis, informed the Court Captain Ellis no longer wishes for Mr. Price to represent him in this case. It appears from the docket Mr. Price knew at least since he filed a Motion to Dismiss the Fourth Amended Complaint (FAC) on March 22, 2019, that Captain Ellis wanted to terminate the attorney-client relationship. And, he knows Captain Ellis has not yet responded to the FAC.[1] However, Mr. Price has not filed a motion to withdraw as counsel. Even more, Mr. Price admittedly failed to advise Captain Ellis, who is his client of record, of the status conference. Counsel's failure to communicate with his client and the Court not only unnecessarily delays the case but skirts the bounds of his professional obligations to the Court and his client as set forth in the Court's Local Rules and the Rules Regulating the Florida Bar.[2]

---

[1] Mr. Price moved to dismiss the FAC as to the claims against his other clients; he did not move to dismiss the claims against Captain Ellis. See Motion to Dismiss (Doc. 69). In its Order on the motion to dismiss, the Court specifically noted Captain Ellis has not responded to the FAC. See Order (Doc. 75 at 2 n.1).

[2] See M.D. Fla. R. 2.03(b) ("No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel."); see also R. Regulating Fla. Bar 4-1.16.

This case has been pending since September 2016 and is still not at issue. As such, the Court finds the case should be stayed and administratively closed to permit Captain Ellis an opportunity to obtain alternative representation if he so desires, or to prepare an Answer to the FAC on his own behalf. During the pendency of the stay, the Court expects counsel of record for all parties to continue engaging in discovery and to submit to the Court, after conferral, proposed deadlines for the completion of discovery; disclosure of expert witness reports; the filing of discovery motions, dispositive motions, and other motions; and a trial term. In providing proposed deadlines, the parties should keep in mind the Court's inclination to bring the case to a resolution as expediently as possible. The parties should also inform the Court whether they would like the case referred to a magistrate judge for settlement conference and if so, proposed dates for a settlement conference.

Accordingly, it is now

**ORDERED:**

1. Mr. Price shall file a motion to withdraw as counsel for Captain Ellis by **July 15, 2019**. Because counsel for Plaintiff stated he does not oppose a motion to withdraw, counsel is relieved of his obligation to include a certification of conferral under Local Rule 3.01(g). **Mr. Price shall ensure Captain Ellis receives a copy of this Order** and shall file a notice of compliance with the Court once he does so. The notice of compliance should inform the Court when Mr. Price sent Captain Ellis the Order and to what address.

2. By **August 1, 2019**, Captain Ellis shall file an Answer to the Fourth Amended Complaint (Doc. 62), either on his own behalf or through counsel.

3. Given the case still is not at issue and Mr. Price will be withdrawing as counsel for Captain Ellis, the Court directs the **Clerk** to **stay and administratively close the case**. The Court will direct the Clerk to re-open the case after Captain Ellis files an Answer or at another appropriate time.

4. By **July 15, 2019**, all parties (save Captain Ellis) shall confer and file a notice with the Court that includes the following: (1) proposed deadlines for a) the completion of discovery, b) disclosure of expert witness reports, c) the filing of discovery motions, dispositive motions, and other motions, and d) a trial term; and (2) whether they would like the case referred to a magistrate judge for settlement conference and if so, proposed dates for a settlement conference.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of June, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record