```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

JUDITH WALTON, as Personal
Representative for the ESTATE
OF FRANK SMITH, on behalf of the
Estate and Survivor Judith Walton,

        Plaintiff,

v.                                    Case No. 3:16-cv-1130-J-39JRK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

## ORDER

Defendant Criswell seeks an order striking the hearsay statements of Inmates Williams and Harris, which are referenced in the Florida Department of Law Enforcement Investigative Report (FDLE Report) Plaintiff offers as an exhibit in response to Defendant's motion for summary judgment (Doc. 129). Plaintiff has responded to the motion (Doc. 130; Pl. Resp.).

Rule 56 of the Federal Rules of Civil Procedure provides, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Advisory Committee Notes, 2010 Amendment, clarifies that a party who asserts a hearsay objection under Rule 56 need not file a motion to strike:

> Subdivision (c)(2) provides that a party may
> object that material cited to support or
> dispute a fact cannot be presented in a form

> that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike.

Construing Defendant Criswell's motion as asserting an objection under Rule 56(c)(2), the Court finds Plaintiff carries her burden to show the statements to which Defendant Criswell objects are capable of being reduced to admissible form at trial. Plaintiff's attorney states he intends to petition the Court for a Writ of Habeas Corpus ad Testificandum for Inmates Williams and Harris to testify at trial. See Pl. Resp. at 4.

For the above reasons, Defendant Criswell's Motion (Doc. 129) is **DENIED as moot**, and his construed objection to the Court's consideration of Inmates Williams's and Harris's statements when ruling on his motion for summary judgment is **OVERRULED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Jax-6
c:
Counsel of Record